**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------X
ANTHONY APONTE and ADELINE APONTE,

      Plaintiffs,             **MEMORANDUM & ORDER**

  - against -               06-cv-06394 (KAM)

ILLINOIS TOOL WORKS, INC. and ITW RAMSET,

      Defendants.
-----------------------------------------X
**MATSUMOTO**, United States District Judge:

      Plaintiffs Anthony Aponte and Adeline Aponte ("plaintiffs") bring this action against defendants Illinois Tool Works, Inc. and ITW Ramset ("defendants") to recover for personal injuries resulting from injuries suffered by Mr. Aponte when defendants' product detonated and struck him in the eye. Pending before the court is defendants' motion for summary judgment seeking dismissal plaintiffs' claims. For the following reasons, defendants' motion is denied.

**BACKGROUND**

    **I. Procedural History**

      Plaintiffs filed the pending products liability action in the Supreme Court of New York on November 15, 2006 alleging failure to warn. Thereafter, defendants removed this case to the Eastern District of New York on December 4, 2006. (Doc. No. 1.) Defendants filed an Answer to plaintiffs' complaint on

1

December 11, 2006.  (Doc. No. 5.)  Magistrate Judge Go ordered discovery closed by January 29, 2008.  (11/30/07 Order.)  The undersigned set a briefing schedule for the defendants' motion for summary judgment on November 3, 2008.  Defendants' motion was fully briefed on January 15, 2009.

**II.  Undisputed Facts**

The following facts, taken from the parties' statements pursuant to Local Civil Rule 56.1, are undisputed unless otherwise indicated.

On November 22, 2003, a powder load, a cartridge used to fire a gun-like fastening tool, manufactured by defendants, detonated and a piece of the cartridge of the powder load struck plaintiff Anthony Aponte ("Aponte") in the eye, injuring him (the "accident").  At the time, Aponte was cleaning out his truck at his home.  (Aponte Dep. at 41.)  He placed a duffel bag containing powder loads, a powder-actuated fastening tool and other items on the roof of the vehicle.  (*Id.* at 41-46.)  The duffel bag fell from the roof of the vehicle and some of the powder loads spilled out.  (R. 56.1 Stmt. ¶ 20.)  A few moments later, a wrench fell from the roof of Aponte's vehicle and landed on some of the powder loads, causing them to detonate.  (*Id.*)

At the time of the accident, Aponte, a union carpenter, was employed by a construction company, Commodore

Construction. (Aponte Dep. at 27.) In the course of his employment, Aponte occasionally used powder-actuated fastening tools. (*Id.* at 15-20.) Defendants' products were owned and provided to Aponte by the Commodore Construction. (*Id.* at 44-45.) They were stored in and retrieved by workers from a common location, the "gang box." (*Id.* at 34-35.)

At the time of sale of the powder loads by the defendants, warnings were located on the powder load box. (Jablonski Dep. at 44.) An insert containing further warnings and instructions was not provided. (*Id.*) The English language warning on the package was as follows:

> WARNING: Keep out of reach of children. To avoid serious injury/death to user and bystanders: USE only in powder actuated tools designed for this specific load (See front of package). DO NOT use in standard (high) velocity tools, dog training devices or firearms. USE safety goggles and hearing protection. Make sure load is properly inserted in the chamber and tool fully depressed while firing. DO NOT crush, strike, pry, or expose to flame or heat. Always keep dry. Handling powder loads may result in exposure to lead and other substances known to cause cancer, birth defects, reproductive harm, and other serious physical injury. Have adequate ventilation at all times. Wash hands thoroughly after exposure.

(R. 56.1 Stmt. ¶ 6.)

Aponte admits that, prior to the accident, he never read any of the warnings that were on the power load cartridges

3

or powder actuated tools. (R. 56.1 Stmt. ¶¶ 8, 11.) Aponte said he did not read the powder load cartridge warnings because he "[d]idn't need to read the box." (*Id.* ¶ 10.) He also stated that the language in which the warnings were written was irrelevant because he did not read the warnings on the box. (*Id.* ¶ 15.) Aponte was aware of two prior occasions in which a heavy object contacted a powder load and the powder load detonated. (Aponte Dep. at 100-105.)

## DISCUSSION

### I. Summary Judgment Standard

A court may grant summary judgment only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). "A fact is 'material' for these purposes when it 'might affect the outcome of the suit under the governing law.'" *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). "An issue of fact is 'genuine' if

'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* Moreover, no genuine issue of material fact exists "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, . . . or is not significantly probative, . . . summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (internal citations omitted). *See also Jeffreys*, 426 F.3d at 553.

The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must construe the facts in the light most favorable to the nonmoving party and all reasonable inferences and ambiguities must be resolved against the moving party. *See Flanigan v. General Elec. Co.*, 242 F.3d 78, 83 (2d Cir. 2001). Nevertheless, the nonmoving party may not rest "merely on allegations or denials" but must instead "set out specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "[T]he nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008).

## II. Failure to Warn

Aponte brings the present action based on defendants' alleged failure to adequately warn of the hazards of accidental discharge of the powder loads. (Pls.' Mem. in Opp. at 1-3.) Under New York law, in order to make out a *prima facie* case for a failure to warn claim, a plaintiff must prove: "(1) the manufacturer had a duty to warn; (2) the manufacturer breached the duty to warn in a manner that rendered the product defective, i.e., reasonably certain to be dangerous; (3) the defect was the proximate cause of the plaintiff's injury; and (4) the plaintiff suffered loss or damage." *Humphrey v. Diamant Boart, Inc.*, 556 F. Supp. 2d 167, 179 (E.D.N.Y. 2008); *see also Mustafa v. Halkin Tool, Ltd.*, No. 00-CV-4851 (DGT), 2007 U.S. Dist. LEXIS 23096, at *63 (E.D.N.Y. Mar. 29, 2007).

The parties do not dispute that defendant had a duty to warn Aponte. Rather, the parties dispute whether: 1)defendant breached its duty by failing to provide an adequate warning; and 2) whether, even if the defendant breached its duty, the breach was the proximate cause of Aponte 's injury in light of the undisputed fact that Aponte did not read the warning and would not have read the warning.

### A. Adequacy of a Warning

Whether the defendant breached its duty by failing to provide an adequate warning depends upon a subjective determination of what constitutes a reasonable warning under the circumstances. *See Billiar v. Minn. Mining and Mfg. Co.*, 623 F.2d 240, 247 (2d Cir. 1980) ("Under New York Law, the jury does not need expert testimony to find a warning inadequate, but may use its own judgment concerning all the circumstances."); *Young v. Elmira Transit Mix, Inc.*, 383 N.Y.S.2d 729, 731 (4th Dep't 1976). To determine whether a warning is adequate, the fact-finder must assess the warning's substance as well as its conspicuousness. *See, e.g., Humphrey*, 556 F. Supp. 2d at 181; *Sorto-Romero v. Delta Int'l Machinery Corp.*, No. 05-CV-5172 (SJF)(AKT), 2007 U.S. Dist. LEXIS 71588, at *29-30 (E.D.N.Y. Sept. 24, 2007).

The analysis to determine whether a warning is adequate is "intensely fact specific" and requires the fact finder to examine the evidence in order to determine what would have constituted a reasonable warning under the circumstances. *Humphrey*, 556 F. Supp. 2d at 179 (citing *Lirano v. Hobart Corp.*, 700 N.E.2d 303, 309(1998)). Failure to warn claims based on the inadequacy of a warning, therefore, are usually questions for the jury and not susceptible to relief by summary judgment. *See Urena v. Biro Mfg. Co.*, 114 F.3d 359, 366 (2d Cir. 1997) ("'The

adequacy of the instruction or warning is generally a question of fact to be determined at trial and is not ordinarily susceptible to the drastic remedy of summary judgment.'" (quoting *Beyrle v. Finneron*, 606 N.Y.S.2d 465, 466 (4th Dep't 1993))); *Mustafa*, 2007 U.S. Dist. LEXIS 23096, at *63-64; *Derienzo v. Trek Bicycle Corp.*, 376 F. Supp. 2d. 537, 568 (S.D.N.Y. 2005).

Here, plaintiffs' expert proffers that a more conspicuous warning discussing the dangers of accidental detonation and proper handling and storage of loads would have prevented the accident. (Erlich Expert Rep. at 3.) Defendants argue the warnings provided were adequate. (Defs.' Mem. in Supp. at 2.) In light of the fact-intensive analysis required to determine whether a warning is adequate, the court cannot, as a matter of law, find that the warning printed on the cartridge box was adequate. Thus, defendants' motion for summary judgment on this basis is denied.

### B. Proximate Cause of Aponte's Injury

Defendants additionally argue that the undisputed material facts establish that any alleged deficiency in the warning was not the proximate cause of Aponte's injuries because Aponte admitted that he did not read the warning; defendants argue, therefore, that summary judgment should be granted in

their favor. To establish proximate cause, the plaintiff must demonstrate that the inadequacy of the warning substantially caused the events leading to the injury. *See, e.g.*, *Mustafa*, 2007 U.S. Dist. LEXIS 23096, at *66-67. Here, defendants argue that the Aponte's failure to read the warning and admission that he would not have read the warning severs proximate cause. (R. 56.1 Stmt. ¶¶ 10-11.)

In some circumstances, a plaintiff's failure to read a warning severs the causal connection between the plaintiff's injuries and the allegedly defective warning, and summary judgment in favor of the defendant is appropriate. *See, e.g.*, *Guadalupe v. Drackett Prods. Co.*, 676 N.Y.S.2d 177, 178 (1st Dep't 1998) ("Plaintiff testified that she made no attempt to read the label or to obtain assistance or instruction before using the product . . . . Accordingly, any purported inadequacies in the product's labeling were not a substantial factor in bringing about her injury."); *Rodriguez v. Davis Equip. Corp*., 651 N.Y.S.2d 528, 529 (1st Dep't 1997) ("[T]he injured plaintiff's admission that he was not looking for warnings shows that the alleged lack of a warning was not a substantial factor in causing his injuries.") Nevertheless, New York courts have carved out certain instances in which a failure to read a warning does not necessarily sever proximate causation. One case is when the failure to read the warning is

9

due to a warning's inadequacy for lack of conspicuousness. As discussed, *supra*, whether a warning is adequate is a question for the jury.

When a plaintiff's failure to read a warning is because he or she would not have read a warning regardless of its adequacy, New York courts have held that proximate causation is not severed if the plaintiff can demonstrate that "adequate warnings would have come to the attention of a third party, such as fellow workers or an employer, and they would have informed him of those warnings." *Humphrey*, 556 F. Supp. 2d at 181; *see also Mustafa*, 2007 U.S. Dist. LEXIS 23096, at *70 ("At least three New York courts have allowed failure to warn claims to go to a jury under the [third party] theory'"); *Derienzo*, 376 F. Supp. 2d at 568; *Anderson v. Hedstrom Corp.*, 76 F. Supp. 2d 422, 444-45 (S.D.N.Y. 1999) (finding a jury could reasonably conclude that the owner of a trampoline would have alerted the users of the trampoline to warnings in the owners' manual); *Power v. Crown Controls Corp.*, 568 N.Y.S.2d 674, 676 (N.Y. Sup. Ct. 1990) ("[I]f a proper warning had been given, it could have come to the attention of officials of plaintiff's employer or perhaps even fellow workers, who could have informed plaintiff of what he had not personally read. It is a fact of modern industrial life that safety directives are made general knowledge in just this fashion."), *rev'd on other grounds*, 596 N.Y.S.2d 38 (1st

Dep't 1993). Generally, it is the fact-finder's duty to determine whether the information on an adequately labeled product would have been communicated to the plaintiff. *See Humphrey*, 556 F. Supp. 2d at 181; *Derienzo*, 376 F. Supp. 2d at 568 n. 37. If the fact-finder determines that the warning is inadequate, the question is then whether a plaintiff would have read the warning or third party would have relayed the warning's substance to the plaintiff. *See Humphrey*, 556 F. Supp. 2d at 182.

Assuming, for purposes of this motion, that Aponte would not have read an adequate warning and viewing the record in the light most favorable to Aponte as the non-moving party, the court finds that there is a genuine issue of material fact as to whether a third party - specifically one of Aponte's co-workers, union colleagues, or his employer - would have relayed an adequate warning's substance to him. Aponte is a union worker and had been working for Commodore Construction on a jobsite at a school for approximately three to four weeks at the time the accident occurred. (Aponte Dep. at 28-29.) For the entire day before the accident, Aponte had used a powder-actuated tool with the defendants' cartridge loads at the jobsite. (Aponte Dep. at 33.) Commodore Construction supplied the loads to the workers; they were ordered by the job's foreman. (Aponte Dep. at 34.) The workers obtained the loads

from a "gang box" which contained both loose loads and loads in packaging; therefore, any of the workers would have been in a position to read a warning on the packaging. (Aponte Dep. at 34-35.)

Aponte testified that there were two occasions in which workers dropped a tool bag in the gang box and a load exploded, putting the employer on notice of a potential hazard and providing a basis to inform all workers of a warning. (Aponte Dep. at 62-64.) In short, even assuming that Aponte would not have read an adequate warning, whether Aponte's co-workers or employers would have conveyed that adequate warning to him had it been provided on the defendants' products' packaging must be submitted to the jury, along with whether the warnings were adequate in their substance and prominence. *See Humphrey*, 556 F. Supp. 2d at 182.

## CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is denied. The parties are to schedule a pre-trial conference before Magistrate Judge Go.

**SO ORDERED.**

Dated: Brooklyn, New York
       November 17, 2009

                                              /s/
                                      KIYO A. MATSUMOTO
                                      United States District Judge
                                      Eastern District of New York